UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EMMETT ALONZO JONES, # 128276,  )
                                 )
                    Plaintiff,   )     Case No. 1:08-cv-599
                                 )
v.                               )     Honorable Joseph G. Scoville
                                 )
HEATHER BERGMAN, et al.,         )     **MEMORANDUM OPINION**
                                 )
                    Defendants.  )
_____)

       This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is currently an inmate at the Alger Maximum Correctional Facility (LMF) where he is serving a prison sentence of 142 months-to-40 years imposed on September 25, 2006, in Kalamazoo County Circuit Court following a jury verdict finding plaintiff guilty of unarmed robbery. Plaintiff's complaint concerns the conditions of his confinement on May 26, 2006, at the Kalamazoo County jail. Plaintiff named Kalamazoo County Prosecutor Heather Bergman, the Kalamazoo County Prosecutor's Office, Kalamazoo County, and Deputy Sheriff Terry Van Strain as defendants. Plaintiff alleges that his temporary detention violated his rights under the Fourteenth Amendment's Due Process Clause. He asks the court, in its discretion, to exercise supplemental jurisdiction over his state-law claims. Plaintiff seeks an award of monetary damages.

       The parties have voluntarily consented under 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure to have a United States Magistrate Judge conduct all further proceedings in this case, including entry of final judgment. The matter is currently before the court on defendants' Rule 12(b)(6) motion to dismiss. (docket # 40). Plaintiff has filed his response

(docket #'s 49-51), and defendants' motion is ready for decision. For the reasons set forth herein, defendants' motion will be granted, the court will decline to exercise supplemental jurisdiction, and a judgment will be entered dismissing all plaintiff's federal claims against defendants with prejudice.

**Applicable Standards**

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555; *Hughes v. Sanders*, 469 F.3d 475, 477 (6th Cir. 2006).

Generally, when considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 475 (6th Cir. 2008). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and the formulaic recitation of the elements of a cause

of action will not do." *Twombly*, 550 U.S. at 555; *see Hensley Mfg. v. Propride, Inc.*, No. 08-1834, __ F.3d __, 2009 WL 2778220, at * 3 (6th Cir. Sept. 3, 2009). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434; *J & R Marketing, SEP v. General Motors Corp.*, 549 F.3d 384, 389 (6th Cir. 2008). "A civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prod.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

In evaluating a motion to dismiss, a court generally is limited to the complaint and the exhibits attached thereto. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). Review is restricted to the allegations in the complaint with two exceptions: (1) matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint and (2) documents that a defendant attaches to a motion to dismiss if they are referred to in plaintiff's complaint and are central to his claim. *See Doe v. SexSearch.com*, 551 F.3d 412, 416 (6th Cir. 2008); *Bariteau v. PNC Fin. Servs. Group, Inc.*,

285 F. App'x 218, 220 (6th Cir. 2008). The exhibits supporting defendants' motion are public records.

## Plaintiff's Allegations

On May 14, 2006, plaintiff was involved in the robbery of a Wal-Mart store in Kalamazoo, Michigan. "The evidence at trial indicated that [plaintiff] and another man tried to steal two LCD televisions and that [plaintiff] assaulted two Wal-mart employees who intervened. [Plaintiff] and his accomplice escaped in a van driven by a third person. The vehicle was identified and stopped shortly thereafter, with one of the stolen televisions inside. All three occupants were arrested." *People v. Jones*, No. 273576, 2008 WL 2744285, at * 1 (Mich. Ct. App. July 15, 2008). Plaintiff was charged with and later convicted of unarmed robbery. On September 26, 2006, plaintiff was sentenced as an habitual offender, fourth-felony offense, to 142-months-to-40 years' imprisonment, with credit for the days he had been in custody since his May 14, 2006 arrest. (9/26/06 Judgment of Sentence Commitment to Corrections Department, docket # 40, Ex. 3).

Plaintiff pursued an unsuccessful appeal of his criminal conviction. The Michigan Court of Appeals rejected his claim that the trial court had erred in denying his motion to quash the information:

> [Mr. Jones] argues that this case should have been dismissed because the preliminary examination was not timely held. MCL 766.4 provides that a defendant is entitled to have a preliminary examination within 14 days of his arraignment. Although [Mr. Jones] was initially arrested on May 14, 2006, the case was dismissed without prejudice on May 25, 2006. A warrant was reissued the same day,[1] without [Mr. Jones] having been released from

---

[1] Plaintiff's allegation that the prosecutor did not secure a new arrest warrant until May 28, 2006, must be rejected because it is barred by issue preclusion. *See Hughes v. General Motors Corp.*, 212 F. App'x 497, 501-02 (6th Cir. 2007). He cannot re-litigate under section 1983 the adverse factual findings made against him in state court during his preliminary examination hearing.

> custody. [He] was arraigned on the second warrant on May 26, 2006, and his preliminary examination was held on June 7, 2006. To the extent that [Mr. Jones] argues that he had to be released and rebooked in order to have been effectively rearrested, he cites no authority for this proposition. Regardless, it is undisputed that the preliminary examination was held within 14 days of [Mr. Jones's] May 26, 2006, arraignment. Therefore the trial court did not abuse its discretion in denying [Mr. Jones's] motion to quash.

2008 WL 2744285, at * 1. The Michigan Court of Appeals held that even if plaintiff's preliminary examination had been untimely, "the error was harmless." *Id.* at * 1 n.1. The Michigan Court of Appeals rejected plaintiff's other arguments and upheld his conviction and sentence. On February 24, 2009, the Michigan Supreme Court denied plaintiff's application for leave to appeal. *People v. Jones*, 760 N.W.2d 494 (Mich. 2009). Plaintiff's conviction and sentence have never been overturned.

On June 4, 2008, plaintiff filed his complaint in the United States District Court for the Eastern District of Michigan. The case was later transferred here. He alleges that he was unlawfully detained on May 25, 2006. As noted above, on that date, the charge against plaintiff was dropped without prejudice when a witness failed to appear for plaintiff's preliminary examination hearing. Before plaintiff was released, the prosecutor obtained a new arrest warrant. Plaintiff was arraigned, tried and convicted as described.

Plaintiff's complaint contains a number of other allegations related to events which allegedly occurred in the 1980s and 1990s. He alleges that he was arrested on an unarmed robbery charge in 1987, tried and convicted in 1988, and had this conviction overturned by the Michigan Supreme Court in 1994. *People v. Jones*, 519 N.W.2d 128, 143 (Mich. 1994) (overturning plaintiff's conviction and ordering a new trial because plaintiff had not been adequately advised of the dangers

---

(docket # 40, Ex. 1 at 55); *See Flowers v. City of Detroit*, 306 F. App'x 984, 987-88 (6th Cir. 2009).

and disadvantages of self-representation). Further, plaintiff alleges that he was arrested in 1998 on a charge of assault with a dangerous weapon and that on September 4, 1998, defendant Van Strain "falsely claimed that he owed $1000 cash on another bond" and days later allegedly conceded that he was wrong, and blamed the problem on "computer error." (*Id.* ¶ 9). Plaintiff was later convicted of felonious assault. On July 5, 2005, the United States Court of Appeals for the Sixth Circuit granted a conditional writ of federal habeas corpus because it found a violation of plaintiff's Sixth Amendment right to represent himself during his trial and sentencing. *See Jones v. Jamrog*, 414 F.3d 585 (6th Cir. 2005).

### Discussion

**1. Federal Claims**

Plaintiff's federal claims arise from the events of May 25, 2006. On that day, charges against plaintiff were dismissed at the preliminary examination, but the prosecutor issued a new arrest warrant before plaintiff was released from custody at the jail. He asserts claims against the prosecutor who issued the warrant, the Kalamazoo County Prosecutor's Office, the jail administrator, and the county, all involving the alleged deprivation of liberty during the time between dismissal of the case and his re-arrest the same day. None of these claims has facial merit.

Plaintiff's claim against Prosecutor Bergman is barred by prosecutorial immunity. Under the doctrine of prosecutorial immunity, prosecutors are immune from damage suits for their decision to initiate or maintain a criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 909 (1976); *Holloway v. Brush*, 220 F.3d 767, 774-75 (6th Cir. 2000) (*en banc*). The Kalamazoo County Prosecutor's Office is not a legal entity capable of being sued. *See Brady v. Ingham County*

*Correctional Facility*, No. 1:08-cv-839, 2008 WL 4739082, at *2 (W.D. Mich. Oct. 28, 2008) (collecting cases). Plaintiff seeks to hold defendant Van Strain liable because he or she is the administrator of the Kalamazoo County Jail. Van Strain cannot be held liable under section 1983 on the basis of *respondeat superior* liability. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). Plaintiff pleads no direct involvement by Van Strain, or even contemporaneous knowledge of the circumstances. Plaintiff's claim that defendant Van Strain failed to release him on bail in September or October 1998, in a previous case, is clearly time-barred. *See Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). There is no basis for imposing municipal liability against Kalamazoo County, because plaintiff's complaint fails to allege an underlying constitutional violation. *See Wiley v. Oberlin Police Dep't*, No. 07-4441, 2009 WL 1391532, at * 4 (6th Cir. May 15, 2009); *McQueen v. Beecher Community Sch.*, 433 F.3d 460, 471 (6th Cir. 2006).

### 2. **Supplemental Jurisdiction**

Plaintiff asks the court to exercise supplemental jurisdiction over his state-law claims. "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009); *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008). There is no reason in this case to depart from the general rule.

## **Conclusion**

For the reasons set forth herein, defendants' motion (docket # 40) will be granted, the court will decline to exercise supplemental jurisdiction, and a final judgment will be entered dismissing all plaintiff's federal claims against defendants with prejudice.


Dated:   October 8, 2009              /s/  Joseph G. Scoville
                                      United States Magistrate Judge